**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**MOKE AMERICA LLC**, a New York limited liability company,

Plaintiff,

vs.

**AMERICAN CUSTOM GOLF CARS, INC.**, a California corporation; and **MOKE USA, LLC**, a Delaware limited liability company,

Defendants.

**Civil Action No.:**  3:20cv400

(JURY TRIAL REQUESTED)

## **COMPLAINT**

Plaintiff, MOKE AMERICA, LLC, complains and alleges against Defendants, AMERICAN CUSTOM GOLF CARS, INC. and MOKE USA, LLC, as follows upon information and belief:

## **NATURE OF THE ACTION**

1. Plaintiff brings this action for judicial review of a final Trademark Trial and Appeal Board ("TTAB") decision pursuant to 15 U.S.C. § 1071(b) and for a declaratory judgment pursuant to 28 U.S.C. § 2201 et seq.  Plaintiff requests a declaration of common law trademark rights under the Lanham Act and common law and/or the laws of California and Florida.

**PARTIES**

2. Plaintiff MOKE AMERICA LLC ("Moke America"), is a New York limited liability company with its principal place of business at 209 East 62nd Street, New York, NY 10065.

3. Defendant AMERICAN CUSTOM GOLF CARS, INC. ("ACG"), is a California corporation with its principal place of business at 15740 El Prado Road, Chino, CA 91710.

4. Defendant MOKE USA, LLC ("Moke USA") is a Delaware limited liability company with its principal place of business at 2100 Northeast 2nd Avenue, Miami, FL 33137.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over this action pursuant to, *inter alia*, 28 U.S.C. § 1331, 28 U.S.C. § 1338, the Declaratory Judgment Act under 28 U.S.C. §2201, 15 U.S.C. §§ 1116 - 1118 and 1125(a), and 28 U.S.C. § 1367(a) as to the related common law and state-law claims.

6. This Court's exercise of supplemental jurisdiction over the common law and state-law related claims is proper as these claims are so related to the questions of federal law, that they form part of the same case or controversy.

7. This Court has personal jurisdiction over Defendants because, upon information and belief, there are claims for trademark infringement under the Lanham Act and Plaintiff is located in New York and Defendants are located in California and Florida. The Trademark Trial and Appeal Board Manual of Procedure ("TBMP")

states that when there are adverse parties in a plurality of Districts, not embraced within the same state, the United States District Court for the Eastern District of Virginia shall have venue.[1]

8. Venue is proper in the Eastern District of Virginia pursuant to 15 U.S.C. § 1071(b)(4). Indeed, Plaintiff is located in New York and Defendants are located in California and Florida.

## BACKGROUND

9. On or about November 14, 2016, Moke America entered into a License and Assignment Agreement ("Trademark Assignment") with Mini Mania, Inc. ("Mini Mania"), to obtain Mini Mania's common law trademark rights in the word mark MOKE as it is used with vehicles and vehicle components dating back to March 31, 1999.[2] A copy of this Trademark Assignment is attached hereto as Exhibit A.

10. The Trademark Assignment included an Exhibit of "Mini Mania Goods" bearing the MOKE mark in Class 12, including *inter alia*, mirrors, windshield

---

[1] TBMP § 903.03; 15 U.S.C. § 1071(b)(4).

[2] *Glow Industries, Inc. v. Lopez*, 252 F.Supp. 962, 980 (C.D. Cal., 2002), *citing Sengoku Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d 1217, 1219 (9th Cir. 1996) ("Priority for the purposes of trademark law is established by commercial usage."). Mini Mania established exclusive rights to use the MOKE mark on land vehicles and vehicle components by being the first to use the mark across the United States, and then assigned these rights to Moke America. *Glow Industries* at 983, *quoting* 4 J. Thomas McCarthy, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION, § 26:13 (4th ed. 2002). *See also Glow Industries* at 981, *quoting Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1046 (9th Cir., 1999) ("The first to use a mark is deemed the 'senior' user and has the right to enjoin 'junior' users from using confusingly similar marks in the same industry and market or within the senior user's natural zone of expansion.").

components, fenders, bumpers, mud flaps, fuel tanks, seats, hoods, bodies, side panels, roll bars, and entire vehicles.

11. Mini Mania's and Moke America's MOKE brand vehicles are low speed land vehicles. They are frequently used on golf courses, retirement communities, resorts, and corporate campuses.

12. Contemporaneous to the Trademark Assignment, Mini Mania also provided Moke America with 60 pages of business sales records showing sales of MOKE vehicles and components that occurred between March 31, 1999 and November 14, 2016,[3] attached hereto at Exhibit B. These sales occurred in every state in the United States except Delaware and Mississippi.[4]

13. Records from the Wayback Machine (https://web.archive.org/) show that Mini Mania's website (https://www.minimania.com) in 2004 and 2006 had an entire page dedicated to selling MOKE vehicle components in Class 12, including

---

[3] *Glow Industries* at 981, *quoting Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1046 (9th Cir., 1999). An opposer in a trademark opposition must demonstrate that it has trademark rights that pre-date the applicant's use of the mark in question.

[4] *Health & Sun Research, Inc. v. Australian Gold, LLC*, 8:12-cv-2319-T-33MAP, 8-9 (M.D. Fla., 2014) where the Court held that a company established nationwide common law trademark rights based on the testimony by a Health & Sun employee who said that the product was known to be sold in 30 states in the U.S., and it was their "understanding" that the product was sold in "almost every state." Indeed, a company need not have a substantial number of sales to acquire common law trademark rights. *Health & Sun Research at 11, citing Harod v. Sage Prods., Inc.*, 188 F.Supp.2d 1369, 1378 (S.D. Ga., 2002).

*inter alia*, mirrors, windshield components, fenders, bumpers, side panels, and hoods. Screenshots from the Wayback Machine are attached hereto as Exhibit C.

14. Mini Mania had positive growth trends and increased sales volume since 1999, as evidence by the total number of sales and the number of states in the United States where these sales occurred.[5]

15. Since acquiring the MOKE mark, Moke America has sold MOKE vehicles and vehicle components throughout the United States. Indeed, it has sold and delivered more than 1100 MOKE vehicles to individuals and vehicle distributors.[6] Moreover, Moke America reports receiving approximately 25 inquiries each business day regarding its MOKE products.

16. Furthermore, Moke America has engaged in significant advertising activities with considerable market reach. Indeed, it has spent up to $50,000 per month on marketing activities, including appearances on television and in magazines

---

[5] Moke America demonstrated that its acquired rights sufficiently satisfied all four factors in the market penetration test in *Hanginout, Inc.* nationwide. *Hanginout, Inc. v. Google*, Inc., 54 F.Supp.3d 1109, 1121 (S.D. Cal., 2014), *citing Adray v. Adry-Mart Inc.*, 76 F.3d 984, 989 (9th Cir., 1995); *Optimal Pets Inc. v. Nutri-Vet*, LLC, 877 F.Supp.2d 953, 958 (C.D. Cal., 2012).

[6] Todd Rome, CEO of Moke America provided an Affidavit in the Opposition dated September 26, 2018 ("Rome Affidavit") wherein he stated that Moke America had sold and delivered 450 MOKE vehicles at that time. This demonstrates positive growth trends and increased sales volume for Moke America. A copy of the Rome Affidavit, excluding its exhibits, is provided as Exhibit D.

and social media marketing. Moke America has a strong following on Facebook (over 17,000 "likes") and Instagram (over 28,000 "followers").[7]

17. On or about September 30, 2016, Moke America submitted an Intent To Use trademark application to the United States Patent and Trademark Office ("USPTO") for MOKE AMERICA in Class 12 for "Cars; Electric cars," Serial Number 87189563, in anticipation of acquiring the MOKE trademark from Mini Mania. This application is currently suspended pending the outcome of this trademark dispute.

18. On or about July 12, 2018, Moke America filed a trademark application with the USPTO for MOKE in Class 12 for "Motor vehicles, namely, four wheel low speed land vehicles and automobiles; Land vehicles, namely, low-speed electric vehicles; Four-wheeled motor vehicles," Serial Number 88035721. This application is currently suspended pending the outcome of this trademark dispute.

19. On or about August 24, 2015, Defendant ACG filed a trademark "Application" with the USPTO for a logo mainly consisting of the word MOKE in Class 12 for "Motor vehicles, namely, four wheel low speed land vehicles and automobiles," Serial Number 76718389. ACG claimed its first date of use in commerce for this mark was August 10, 2015.

---

[7] *See* Exhibit D. In the Rome Affidavit, Moke America had over 11,000 Facebook "likes" and over 21,000 Instagram "followers," further indicating a positive growth trend.

20. ACG's MOKE brand vehicles are similar in the appearance and function to Moke America's MOKE brand vehicles.

21. On or about January 25, 2017, Moke America filed an Opposition to ACG's trademark application Serial Number 76718389 with the USPTO Trademark Trial and Appeal Board ("TTAB").

22. On or about February 3, 2017, ACG entered into a licensing agreement whereby it licensed its infringing MOKE trademark to Moke USA.

23. On or about February 14, 2017, Moke USA submitted an intent to use trademark application for MOKE in Class 12 for "Motor land vehicles, namely, high speed gas powered vehicles and high speed electric vehicles," Serial Number 87334966. This application is currently suspended pending the outcome of this trademark dispute.

24. On or about February 27, 2020, ACG filed a motion with the TTAB requesting to substitute Moke USA as the Applicant on the MOKE trademark application, Serial Number 76718389, claiming that ACG assigned all its rights, title, and interest in this trademark to Moke USA on June 12, 2019. According to the USPTO database, this assignment was reported to the USPTO on or about February 27, 2020.

25. On or about April 21, 2020, the TTAB issued an Opinion whereby it relied on the Trademark Assignment and accepted Mini Mania's business sales records under the business records hearsay exception; however, it did not accept the

truth of the matter asserted in those business sales records and dismissed the Opposition. A copy of this Opinion is provided as Exhibit E.

26. The TTAB Opinion does not change Moke America's established first-in-time, nationwide, common law trademark rights in MOKE in Class 12.

27. On or about May 19, 2020, Moke America submitted a Motion for Reconsideration to the TTAB, asserting that is has met its burden of providing sufficient evidence that its nationwide common law rights in MOKE in Class 12 pre-date ACG's first use on August 10, 2015, attached hereto as Exhibit F.

28. As of the date of this pleading, Moke America continues to be in the business of, *inter alia*, selling MOKE brand vehicles and vehicle components.

29. As of the date of this pleading, both Defendants continue to be in the business of, *inter alia*, selling MOKE brand vehicles.

30. As set forth *infra*, Plaintiff respectfully requests that this Court declare that all common law trademark rights in "MOKE" rest with Moke America under the Lanham Act and common law and/or the laws of California and Florida, and sustain Moke America's Opposition.

## **COUNT I**

### (*Appeal of TTAB Opinion April 21, 2020*)

31. Plaintiff repeats and reiterates the allegations set forth above as though fully set forth at length herein.

32. Plaintiff appeals the TTAB Opinion dated April 21, 2020, requesting that this Court sustain the Opposition.

33. Moke America sufficiently demonstrated to the TTAB that it has first-in-time, nationwide, common law trademark rights in the MOKE mark that pre-date ACG's first use on August 10, 2015.[8] Moke America's rights will stand regardless of the outcome of this Appeal.

34. Indeed, Moke America submitted 60 pages of business sales records to the TTAB that were admitted as business records (exempt from the hearsay rule[9]) which demonstrate Mini Mania's use of the MOKE mark in commerce in Class 12 dating back to at least March 31, 1999; rights that have been assigned to Moke America.[10]

35. Once admitted, the TTAB was obligated to accept the truth of the matters asserted within those business sales records.

36. The Assignee's purported lack of first-hand knowledge about how the Assignor's goods were labeled over thirteen years earlier does not change the sufficiency of the Trademark Assignment and admitted business records (nor the truths of their asserted matters).

---

[8] ACG's Application, dated August 24, 2015, contains a declaration stating alleged first use on August 10, 2015. ACG Trademark Application, Serial Number 76718389.
[9] Fed. R. Evid. 803(6).
[10] *See* Exhibit A. *See also Glow Industries* at 982, *citing Sugar Busters LLC v. Brennan*, 177 F.3d 258, 265 (5th Cir., 1999) ("[A] trademark cannot be sold or assigned apart from the goodwill it symbolizes"); *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1289 (9th Cir., 1992) ("[T]he goodwill of the business ... must accompany the mark").

37. The TTAB should have dismissed the Opposition only if the Defendants had provided sufficient evidence of priority use that supersedes Moke America's first-in-time trademark rights in MOKE in Class 12.

38. The Defendants did not meet this burden and therefore their Application (Serial Number 76718389), should have been rejected with Moke America's Opposition sustained.

## COUNT II

### (*Declaratory Judgment*)

39. Plaintiff repeats and reiterates the allegations set forth above as though fully set forth at length herein.

40. Moke America sells gas and electric, low speed, golf cart style vehicles, throughout the United States, under its word mark "MOKE."

41. First-in-time common law trademark rights in MOKE were established nationwide by Mini Mania, and subsequently assigned to Moke America via the Trademark Assignment, including all rights, title, interest, and goodwill in the MOKE mark.[11]

42. Moke America has continuously used the word mark MOKE in commerce in Class 12 to sell golf cart style vehicles since acquiring the trademark from Mini Mania.

---

[11] *Id.*

43. The Trademark Agreement includes a license back from Moke America to Mini Mania to continue to use the MOKE mark on golf cart style vehicles and vehicle components.[12]

44. None of the Defendants rightly used MOKE, or any mark that could be confused therewith, in commerce, in the United States, prior to August 10, 2015.

45. Since then, ACG has attempted to upend Moke America's first-in-time rights in the MOKE mark (as acquired by assignment).

46. During the TTAB Opposition proceeding, both Moke America and ACG reported consumer confusion because of their respective uses of MOKE.

47. Defendants' use of the MOKE mark and the recent TTAB Opinion have placed Plaintiff in reasonable apprehension of being sued by Defendants, and being damaged by Defendants' actions, all of which have created an actual controversy within the scope of 28 U.S.C. § 2201.

48. Plaintiff has not violated any rights owned by Defendants, and is not otherwise liable to Defendants for any actions arising out of sales associated with the name "MOKE."

49. Unless Defendants are permanently enjoined from using the name "MOKE," and its associated logo, they will continue to assert their alleged perceived rights against Plaintiff.

50. Unless Defendants are enjoined from doing so, Plaintiff will continue

---

[12] *See* Exhibit A.

to be greatly and irreparably injured and have no adequate remedy at law.

51. Defendants' charge of rights and ownership interests in the MOKE trademark, and any associated logo constitute a grave and wrongful interference with Moke America's business in the United States.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for judgment as follows:

*On Count I* **:**

A. For a judgment and declaration that Plaintiff's Opposition must be sustained by the TTAB, along with a remand mandating the TTAB to sustain Plaintiff's Opposition;

B. For Plaintiffs' attorneys' fees and costs; and

C. For such other and further relief as the Court deems just and proper.


*On Count II***:**

A. For a judgment and declaration that all common law trademark rights in "MOKE" rest with Moke America under the Lanham Act and common law and/or the laws of California and Florida;

B. For a decree enjoining and restraining Defendants from all further charges of rights or ownership stakes in the trademark "MOKE," and any associated logos, for use on goods in Class 12;

C. For a decree enjoining and restraining Defendants from representing, or otherwise issuing statements, or making website or social media postings, that they

are the owners of the name "MOKE," or any associated logos, or have rights to use that name or logo containing that name;

     D.     For a decree enjoining and restraining Defendants from initiating or maintaining an infringement action, or threatening litigation, against Plaintiffs that asserts or charges infringement, or other violation, of Defendants' alleged rights regarding "MOKE;"

     E.     For damages in the amount proven at trial;

     F.     For Plaintiffs' attorneys' fees;

     G.     For Plaintiffs' costs of suit incurred herein; and

     H.     For other relief this Court considers just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all triable issues.

DATED this 5th day of June, 2020.

                                                        VENJURIS, P.C.

                                                        By */s/ Wendy K. Akbar*
                                                        Wendy K. Akbar (VA Bar No. 92734)
                                                        1938 East Osborn Road
                                                        Phoenix, Arizona 85016
                                                        Tel: 602-631-9100
                                                         Fax: 602-631-4529
                                                         Email: wakbar@venjuris.com

                                                        *Attorneys for Plaintiff Moke America LLC*