UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

|  |  |
|---|---|
| MOKE AMERICA LLC<br><br>        Plaintiff,<br><br>v.<br><br>AMERICAN CUSTOM GOLF CARS, INC.<br>and MOKE USA, LLC,<br><br>        Defendants. | Civil Action No. 3:20-CV-00400-MHL |

## DEFENDANTS' ANSWER AND COUNTERCLAIMS

Defendants, American Custom Golf Car, Inc. ("ACG") and Moke USA, LLC ("MOKE USA") (collectively "Defendants"), hereby respond to Plaintiff Moke America LLC's ("Plaintiff") Complaint as follows:

## NATURE OF THE ACTION[1]

1.      Paragraph 1 of the Complaint contains legal conclusions to which no response is required.

## THE PARTIES

2.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint, and, therefore deny the same.

3.      Admitted.

4.      Defendants admit that Moke USA, LLC is a Delaware limited liability company, but denies that Moke USA, LLC's principal place of business is 2100 Northeast 2nd Avenue, Miami, FL 33137.

---

[1] For convenience, certain section headings used by Plaintiff in its Complaint are repeated herein.

1

## JURISDICTION AND VENUE

5.      The allegations set forth in paragraph 5 of the Complaint state a legal conclusion to which no response is required.  To the extent that a response is required, the Defendants do not dispute subject matter jurisdiction for purposes of this litigation.

6.      The allegations set forth in paragraph 6 of the Complaint state a legal conclusion to which no response is required.  To the extent that a response is required, the Defendants do not dispute supplemental jurisdiction for purposes of this litigation.

7.      The allegations set forth in paragraph 5 of the Complaint state a legal conclusion to which no response is required.  To the extent that a response is required, the Defendants do not dispute personal jurisdiction for purposes of this litigation.

8.      The allegations set forth in paragraph 8 of the Complaint state a legal conclusion to which no response is required.  To the extent that a response is required, the Defendants do not dispute that venue is proper in this district for purposes of this litigation.

## BACKGROUND

9.      To the extent the allegations in paragraph 9 of the Complaint assert legal conclusions, no response is required. Defendants admit that Exhibit A appears to be a copy of a Trademark Assignment. Defendants deny the remaining allegations set forth in paragraph 9 of the Complaint, including the allegations set forth in footnote 2 referenced therein.

10.     To the extent the allegations in paragraph 10 of the Complaint assert legal conclusions, no response is required. Defendants admit the Trademark Assignment appears to include an Exhibit purporting to reference "Mini Mania Goods." Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 10 of the Complaint, and, therefore deny the same.

2

11.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint and, therefore, deny the same.

12.     To the extent the allegations in paragraph 12 of the Complaint assert legal conclusions, no response is required. Defendants admit that Exhibit B purports to be a copy of "business sales records." Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 12 of the Complaint and, therefore, deny the same.

13.     To the extent the allegations in paragraph 13 of the Complaint assert legal conclusions, no response is required. Defendants admit that Exhibit C purports to be a copy of screenshots from the Wayback Machine. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 13 of the Complaint and, therefore, deny the same.

14.     To the extent the allegations in paragraph 14 of the Complaint assert legal conclusions, no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint. Defendants further deny the allegations set forth in footnote 5 referenced therein, and, therefore, deny the same.

15.     To the extent the allegations in paragraph 15 of the Complaint assert legal conclusions, no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint, including the allegations set forth in footnote 6 referenced therein and, therefore, deny the same.

16.     To the extent the allegations in paragraph 16 of the Complaint assert legal conclusions, no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set

forth in paragraph 16 of the Complaint, including the allegations set forth in footnote 7 referenced therein and, therefore, deny the same.

17.     Defendants admit that on September 30, 2016 Moke America submitted an Intent to Use trademark application to the United States Patent and Trademark Office ("USPTO") for MOKE AMERICA in Class 12 for "Cars; Electric cars," Serial Number 87189563. Defendants further admit that this application is currently suspended. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 17 of the Complaint, and, therefore, deny the same.

18.     Admitted.

19.     Defendants admit that on August 25, 2015 ACG filed a trademark application with the USPTO for the mark MOKE (Stylized) and Design, in Class 12 for "Motor vehicles, namely, four wheel low speed land vehicles and automobiles," Serial Number 76718389, claiming first use in commerce date of August 10, 2015.

20.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 20 of the Complaint, and, therefore, deny the same.

21.     Admitted.

22.     ACG and MOKE USA admit that they entered into a License Agreement on or about February 3, 2017 in which MOKE USA was granted an exclusive licensee in and to MOKE Mark. Defendants deny any infringement by any of them.

23.     Admitted.

24.     Defendants admit that on February 27, 2020, ACG moved to substitute Moke USA, LLC as the Applicant in TTAB Opposition No. 91233014 based on the June 12, 2019 Assignment assigning all rights, title and interest in and to U.S. Trademark Application No. 76718389 for the mark MOKE. Defendants further admit that the Assignment was filed with the USPTO on February 27, 2020.

25.     To the extent the allegations in paragraph 25 of the Complaint assert legal conclusions, no response is required. Defendants admit that Exhibit E appears to be a copy of the TTAB's Opinion. Defendants deny the remaining allegations set forth in paragraph 25 of the Complaint.

26.     To the extent the allegations in paragraph 26 of the Complaint assert legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 26 of the Complaint.

27.     To the extent the allegations in paragraph 27 of the Complaint assert legal conclusions, no response is required. Defendants admit that Exhibit F appears to be a copy of Moke America's Motion for Reconsideration filed with the TTAB on or about May 19, 2020. Defendants deny the remaining allegations set forth in paragraph 27 of the Complaint.

28.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint and, therefore, deny the same.

29.     Defendants admit that Moke USA currently manufactures, sells, and/or offer for sale, high speed gas powered vehicles and high speed electric vehicles bearing the mark MOKE.

30.     To the extent the allegations in paragraph 30 of the Complaint assert legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 30 the Complaint.

## COUNT I
### (Appeal of the TTAB Opinion April 21, 2020)

31.     Defendants repeat and reallege their answers as set forth in paragraphs 1-30 above, as though fully set forth herein.

32.     To the extent the allegations in paragraph 32 of the Complaint assert legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 32 the Complaint.

33.     Defendants deny the allegations set forth in paragraph 33 the Complaint.

34.　　Defendants deny the allegations set forth in paragraph 34 the Complaint.

35.　　To the extent the allegations in paragraph 35 of the Complaint assert legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 35 the Complaint.

36.　　Defendants deny the allegations set forth in paragraph 36 the Complaint.

37.　　Defendants deny the allegations set forth in paragraph 37 the Complaint.

38.　　Defendants deny the allegations set forth in paragraph 38 the Complaint.

## COUNT II
### (Declaratory Judgment)

39.　　Defendants repeat and reallege their answers as set forth in paragraphs 1-38 above, as though fully set forth herein.

40.　　Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint and, therefore, deny the same.

41.　　Defendants deny the allegations set forth in paragraph 41 the Complaint.

42.　　Defendants deny the allegations set forth in paragraph 42 the Complaint.

43.　　Defendants deny the allegations set forth in paragraph 43 the Complaint.

44.　　Defendants deny the allegations set forth in paragraph 44 the Complaint.

45.　　Defendants deny the allegations set forth in paragraph 45 the Complaint.

46.　　Admitted.

47.　　To the extent the allegations in paragraph 47 of the Complaint assert legal conclusions, no response is required. To the extent a response is required, Defendants cannot admit or deny the allegations set forth in paragraph 47 the Complaint and therefore deny the same.

48.　　To the extent the allegations in paragraph 48 of the Complaint assert legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 48 the Complaint.

49.     Defendants deny the allegations set forth in paragraph 49 the Complaint.

50.     Defendants deny the allegations set forth in paragraph 50 the Complaint.

51.     Defendants deny the allegations set forth in paragraph 51 the Complaint.

## PRAYER FOR RELIEF

Defendants deny that the Plaintiff is entitled to any of the relief sought in its prayer for relief, including on Count I, subparagraphs A-B and Count II, subparagraphs A-H.

## AFFIRMATIVE DEFENSES

In further response to the Complaint, and without admitting it has the burden of proof on the issues set forth below, Defendants assert the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under one or more of the equitable doctrines of laches, equitable estoppel, acquiescence, and/or unclean hands.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's alleged trademark is unprotectable under federal, state, or common law.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff does not possess ownership rights in the MOKE mark.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to take reasonable or adequate steps to mitigate, alter, reduce or otherwise diminish their damages.

## SIXTH AFFIRMATIVE DEFENSE

Without admitting that the Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims for any alleged single wrong.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any equitable relief or recovery because it has a full, complete and adequate remedy at law.

## EIGHTH AFFIRMATIVE DEFENSE

The Defendants reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defense at law or at equity that may now exist or in the future be available based on discovery and further factual investigation in this case, whether or not expressly stated herein.

## COUNTERCLAIMS

NOW COME the Plaintiffs-in-Counterclaim, Moke USA, LLC ("Moke USA"), American Custom Golfcars, Inc. ("ACG"), and Moke International Limited (hereinafter "Moke International") (collectively "Plaintiffs-in-Counterclaim"), and for their Counterclaims, hereby allege as follows:

## THE PARTIES

1. The Defendant/Plaintiff-in-Counterclaim, Moke USA, LLC, is a Delaware limited liability company with a principal place of business at 15 Lewis Street, Hartford Connecticut 06013.

2. The Defendant/Plaintiff-in-Counterclaim, American Custom Golfcars, Inc. is a corporation organized and existing under the laws of California, having a principal place of

business at 15740 El Prado Road, Chino, California.

3.      Plaintiff-in-Counterclaim, Moke International Limited is a company incorporated and registered in England and Wales, with a registered office located at Unit 3, Wingrave Road, Aston Abbots, Buckinghamshire, Aylesbury, United Kingdom.  Moke International is a Member of Moke USA.

4.       The Plaintiff/Defendant-in-Counterclaim, Moke America LLC ("Moke America") is a New York limited liability company with its principal place of business at 209 East 62nd Street, New York, NY 10065.

## JURISDICTION AND VENUE

5.      This action arises and is brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, the Trademark Act of July 5, 1946, as amended, commonly known as the Lanham Act, 15 U.S.C. § 1051, *et seq.*, the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq.*, the Berne Convention, and Virginia statutory and common law.

6.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 2201-2202, and 17 U.S.C. §§101 *et seq*.

7.      The Court possesses personal jurisdiction over the Plaintiff/Defendant-In-Counterclaim, Moke America, because it transacts business in this judicial district and because by filing this lawsuit it has availed itself of this forum and the laws of the Commonwealth of Virginia.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a).

## BACKGROUND FACTS

9.      In the 1950's, the British Motor Corporation (BMC) designed a lightweight military

vehicle for the British Army.  The army rejected the design, so BMC commercialized a civilian version of the Moke, which appeared in 1964 as the Mini Moke.

10.    From 1973 to 1976, a model known as the Leyland Moke was sold, and from 1976 to 1981, the Moke Californian model was produced.  Beginning in 1980, BMC's Portuguese subsidiary manufactured the Moke vehicle.

11.    Ming International Holdings Limited ("Ming") began selling the Moke vehicle in 2014, which was redesigned and re-engineered by renowned British designer Michael Young.

12.    In September, 2015, Moke International Limited purchased the assets of Ming International Holdings Limited, including all of its fixed plant machinery, molds, intellectual property rights, including its trademark portfolio, and its rights in the Moke product designs.

13.    Moke International Limited is the owner of approximately 90 international trademark registrations for "MOKE" related marks on vehicles and other goods.  In addition, numerous trademark applications are pending.

14.    Moke branded and designed vehicles were manufactured under contract for Moke International by the Wu Hu Hong Liang Vehicle Manufacturing Co. Ltd ("Wu Hu") in Wuhu Shi, Anhui Province, China.

15.    Wu Hu and Moke International entered into an exclusive manufacturing agreement in September 2015 in which Wu Hu acknowledged that Moke International owns all rights and interest in the Moke and owns absolutely all molds, designs and all parts produced by Wu Hu for the Moke vehicle.

16.    Upon information and belief, Moke America has arranged for the use of the molds in the manufacture of its own Moke branded vehicles, in violation of Moke International's exclusive rights in the molds.

17.     Moke International has not authorized Wu Hu or any other entity to utilize its proprietary molds and/or design specifications for the manufacture of "Moke" vehicles for any entity other than Moke International.

18.     Further, Moke International has not authorized Moke America's purchase, importation and/or sale of any vehicle manufactured with the use of Moke International's molds at the Wu Hu factory, or any other facility,  utilizing the molds, design and/or specifications owned by Moke International (such vehicles are collectively referred to hereinafter as "Unauthorized Moke Vehicle(s)").

19.     By letter dated March 28, 2017, Moke America was notified of the contractual relationship between Moke International and Wu Hu, and of Moke International's ownership of the molds and designs.

20.     Notwithstanding the notification, upon information and belief, Moke America has continued to utilize Moke International's molds, designs and/or specifications to manufacture and import into the United States Unauthorized Moke Vehicles.

21.     Upon information and belief, Moke America's Unauthorized Moke Vehicles are imported into the United States in violation of several importation regulations, Federal Motor Vehicle Safety Standards (FMVSS), including No.'s 500 and 209.

22.     Upon information and belief, Moke America's Unauthorized Moke Vehicles are in violation of 18 USC Sec. 542 because they are imported based upon the false statements by declaring them as "semi completed vehicles/golf carts", when they are neither.

23.     Upon information and belief, Moke America is using a third party to illegally provide false VIN numbers on the Unauthorized Moke Vehicles, without authority or eligibility.

24.     As a result of Moke America's illegal importation, FMVSS violations and/or illegal

VIN numbers, the use of the MOKE Mark in association with the Unauthorized Moke Vehicles is

not lawful commercial use that can establish priority for trademark rights.

## The MOKE Trademarks and Applications

25.     On June 12, 2019, ACG assigned all rights, title and interest to Moke USA, in and

to U.S. Trademark Application No. Application No. 76718389 for the mark **MOKE**,

filed on August 27, 2015 covering "Motor vehicles, namely, four wheel low speed land vehicles

and automobiles" in Class 12 ("the Assignment").  The Assignment was recorded with the

USPTO on February 27, 2020 at Reel/Frame No. 6877/0345. A copy of the Assignment is

attached hereto as Exhibit A.

26.     The Assignment transferred all federal and common law rights in the MOKE

mark, together with the goodwill and business inherent therein to Moke USA. As a result, Moke

USA is now the legal owner of the associated rights in the MOKE Mark and pending

applications.

27.     Pursuant to a February 3, 2017 License Agreement between ACG and Moke USA,

prior to the Assignment, Moke USA was the exclusive licensee of the MOKE Mark, with the

rights, amongst other things, to manufacture and sell products bearing the MOKE Mark.

28.     On February 3, 2017 ACG and Moke USA also entered into a Trademark Co-

Existence Agreement whereby Moke USA and ACG agreed to jointly use the MOKE Mark in

connection with their respective goods.

29.     Moke America subsequently filed two trademark applications with the United

States Patent and Trademark Office ("USPTO"), for the mark "MOKE," U.S. Trademark

Application No. 87189563 filed on September 30, 2016 covering "Cars; Electric cars" in Class

12, and the mark "MOKE AMERICA," U.S. Trademark Application No. 88035721 filed on July 12, 2018 covering "Motor vehicles, namely, four wheel low speed land vehicles and automobiles; Land vehicles, namely, low-speed electric vehicles; Four-wheeled motor vehicles" in Class 12.

30.     On January 25, 2017, Moke America filed a Notice of Opposition (Opposition No. 91233014) with the Trademark Trial and Appeal Board ("TTAB") opposing the registration of Moke USA's pending Application No. 7671389 for the MOKE Mark claiming priority of use and likelihood of confusion, and asserting it would be damaged by the registration of Moke USA's MOKE Mark (the "Opposition").

31.     On April 21, 2020, the TTAB dismissed the Opposition holding that Moke America failed to prove prior use of the MOKE trademark. The TTAB did not reach the merits of the likelihood of confusion claim because, without proof of priority, Opposer could not prevail.

32.     In addition to the MOKE Mark at issue in the Opposition, MOKE USA also owns the following trademark registration and trademark applications which are pending before the USPTO for the mark "MOKE" in various classes of goods.  The registration and applications are as follows:

a.     U.S. Trademark Registration No. 6080434 for the mark MOKE registered on June 16, 2020, covering "Sunglasses" in Class 9;

b.     U.S. Trademark Application No. 87334966 for the mark MOKE filed on February 14, 2017 covering "Motor vehicles, namely, high speed gas powered vehicles and high speed electric vehicles" in Class 12; and

c.      U.S. Trademark Application No. 88011396 for the mark MOKE filed on June 22, 2018 covering "Clothing, namely, shirts and tops, polo shirts, sweaters, sweatshirts, coats and jackets, gloves, sleepwear, pants; headwear; footwear" in Class 12.

### The Copyrighted Works

33.     Moke International is the owner of numerous copyrights for various photographic images of MOKE vehicles (the "Subject Works"), examples of which can be seen on their website http://mokeinternational.com/ .

34.     The Subject Works were created by Moke International in Saint Barthélemy ("St. Bart's"), an overseas collectivity of France, over which France has governing authority.

35.     The Berne Convention for the Protection of Literary and Artistic Works of 1886 and as revised (the "Berne Convention") requires its signatories to recognize the copyright of works of authors from other signatory countries in the same way as it recognizes the copyright of its own nationals.

36.     In addition to establishing a system of equal treatment regarding copyright amongst signatories, the agreement also required member states to provide strong minimum standards for copyright law.

37.     France became a signatory member of the Berne Convention on December 5, 1887.

38.     The United States of America became a signatory member of the Berne Convention on March 1, 1989.

39.     Plaintiffs-in-Counterclaim's Subject Works are Berne Convention Works as defined in the Copyright Act of 1976, Title U.S.C., § 101, as amended, and are subject to the protection of the Copyright Act of 1976, Title 17 U.S.C. §§ 101 et seq.

40.     Under the Berne Convention law, Copyright arises automatically by the mere act of creation. To qualify for protection, no registration is required.

41.     Additionally, the Berne Convention does not require Plaintiffs-in-Counterclaim obtain a copyright registration for the Subject Works from the United States Copyright Office or any other copyright office where the Subject Works have been published, as a pre-requisite for copyright protection.

42.     Moke International, is the owner of all respective rights, titles, interest, and copyrights in the Subject Work.

**<u>Defendant's Copyright Infringement</u>**

43.     Defendant has, without authority from Plaintiffs-in-Counterclaim, reproduced all of the Subject Works and/or portions thereof, including reversing some of the images, or cropping them, such that they are derivative works, and used them on its website, social media platforms, and/or marketing materials, in connection with the promotion, marketing, sale and/or offer for sale of its own Moke branded vehicles, examples of which are below.  True and correct copies of the Defendant's infringing use are shown below, next to the Subject Works.

| **The Subject Works**<br>**http://mokeinternational.com/showroom/#!** | **Defendant's Infringing Use** |
|---|---|
| | |










2 This photo contains segments of six of Plaintiffs-in-Counterclaim's images compiled together from different angles.

17





³

---

³ This photograph, which is part of the Subject Works, can be found on Moke designer, Michael Young's website at http://www.michael-young.com/moke/#.



44.    Defendant's infringing use of the Subject Works has also extended to its's social

media platforms as shown below.

| The Subject Works | Defendant's Infringing Use on Facebook and Instagram |
|---|---|
|  | |







45.     On information and belief, Defendant had access to the copyrighted Works, by among other things, the display of the Subject Works on Plaintiffs-in-Counterclaim's website and social media accounts.

46.     On information and belief, Defendant's use of the Subject Works has been deliberate and intentional and with full knowledge of Plaintiffs-in-Counterclaim's rights.  Moke International has been irreparably injured and monetarily damaged by the Defendant's acts.

<u>COUNT I</u>
**AFFIRMATION OF THE TTAB'S APRIL 21, 2020 DECISION AND DECLARATION OF MOKE USA'S TRADEMARK OWNERSHIP RIGHTS**

47.     Plaintiffs-in-Counterclaim repeat and reallege paragraphs 1-46 of its counterclaims, above, as if fully set forth herein.

48.     As a result of Moke America's conduct as described herein, a justiciable controversy exists as to the ownership of the MOKE mark.

49.     At least as a result the TTAB's Final Decision dismissing the Opposition and finding Moke USA has prior rights in and to the MOKE mark, Moke USA is the lawful and rightful owner of the MOKE mark.

50.     MOKE USA and its predecessors-in-interest have established first and continuous use of the MOKE Mark in interstate commerce such that it should be declared the rightful owner of the MOKE Mark.

51.     Moke USA is entitled to a Declaration that it is the lawful and rightful owner of the MOKE Mark, as well as the application thereof.

52.     Unless the relief requested herein by Moke USA is granted, Moke America will continue to improperly attempt to claim ownership in and to the MOKE mark and will continue to cause injury to Moke USA, including but not necessarily limited to monetary harm and injury to reputation and goodwill, and will also engage in conduct with results in consumer confusion and infringes upon Moke USA's rights in the MOKE mark.

**COUNT II**
**TRADEMARK INFRINGEMENT**

53.     Plaintiffs-in-Counterclaim repeat and reallege paragraphs 1-52 of its counterclaims, above, as if fully set forth herein.

54.     This is a claim for trademark infringement under the Lanham Act, 15 U.S.C. § 1125.

55.     Moke USA and its predecessor-in-interest have been the rightful owners of the MOKE Mark since at least 2015.

56.     Moke America has infringed Moke USA's MOKE Mark by using the identical mark in commerce in association with products and services that are the same as and/or substantially similar to Moke USA's and ACG's goods offered under the MOKE Marks, by creating a likelihood of confusion and mistake among customers and the public, and by deceiving them.

57.     Moke America's unauthorized use of the MOKE Mark in connection with the sale, offering for sale, distribution, and advertising of Moke America's high speed gas powered and electric vehicles are intended to trade upon the goodwill and substantial recognition associated with Moke USA's  MOKE Mark used on or in connection with high speed gas powered and electric vehicles.

58.     Moke America's unauthorized use of the MOKE Mark in association with Moke America's products and services is intended to cause confusion, mistake or deception.

59.     Upon information and belief, Moke America has been illegally importing vehicles bearing the MOKE Mark by deceptively claiming these vehicles are "golf carts" and using a third-party to illegally mark the vehicles with false VIN numbers.

60.     Moke America has also applied with the United States Patent and Trademark Office to register the marks MOKE and MOKE AMERICA (the "Moke America Applications").

61.     Moke America is not the rightful owner of the aforementioned trademarks, and does not have the right to registration of the aforementioned trademarks with the USPTO.

62.     In order for a trademark application to have a valid basis that could properly result in registration, the use of the mark has to be lawful, i.e., the sale or shipment of the product under the mark has to comply with all applicable laws and regulations.

63.     Upon information and belief, Moke America's actions as described above are illegal and are in violation of certain U.S. automobile regulations.

64.     Moke America's aforesaid acts of infringement have injured and violated the rights of Plaintiffs-in-Counterclaims in an amount to be determined at trial.  Moke America's acts complained of herein have caused damage to Plaintiffs-in-Counterclaim and have

irreparably injured the public recognition and goodwill associated with Moke USA's MOKE Mark.

65.     Further, by these acts, Moke America has irreparably injured Plaintiffs-in-Counterclaim and such injury will continue unless enjoined by this Court.

## COUNT III
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT BY PLAINTIFFS-IN-COUNTERCLAIM

66.     Plaintiffs-in-Counterclaim repeat and reallege paragraphs 1- 65 of its counterclaims, above, as if fully set forth herein.

67.     As a result of Moke America's conduct as described herein, a justiciable controversy exists as to the ownership of the MOKE Mark.

68.     At least as a result of the TTAB's Final Decision dismissing the Opposition and finding Moke USA has prior rights in and to the MOKE mark and as a result of Plaintiffs-in-Counterclaims first and continuous use of the MOKE Mark in interstate commerce, Moke USA is the lawful and rightful owner of the MOKE mark.

69.     As a result, Moke USA's is entitled to a Declaration that its use of the MOKE Mark does not constitute trademark infringement under the Lanham Act or under the common law of the Commonwealth of Virginia.

70.     Unless the relief requested herein by Moke USA is granted, Moke America will continue to improperly attempt to claim ownership in and to the MOKE mark and will continue to cause injury to Moke USA, including but not necessarily limited to monetary harm and injury to reputation and goodwill, and will also engage in conduct with results in consumer confusion and infringes upon Moke USA's rights in the MOKE mark.

<u>COUNT IV</u>
**FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**

71.    Plaintiffs-in-Counterclaim repeat and reallege paragraphs 1-70 of its counterclaims, above, as if fully set forth herein.

72.    This is a claim for unfair competition and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a).

73.    In violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), Moke America has created and will continue to create a false designation of origin by using in commerce, without permission of, or license from Plaintiffs-in-Counterclaim, photographs of Plaintiffs-in-Counterclaim's vehicles from Plaintiffs-in-Counterclaim's website and media posts and the MOKE Mark associated with Plaintiffs-in-Counterclaim's vehicles, which has previously and will continue to confuse and/or likely confuse potential customers into believing that Moke America's products and services are the same vehicles as Plaintiffs-in-Counterclaim's or are otherwise associated with, sponsored by, or approved by Plaintiffs-in-Counterclaim.

74.    In further violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), Moke America has used photographs of Plaintiffs-in-Counterclaim's vehicles and the MOKE Mark associated with Plaintiffs' vehicles in an attempt to deceive the public so as to essentially pass off Moke America's products and services as those of Plaintiffs-in-Counterclaims' Goods and Services.

75.    Upon information and belief, at the time of committing certain acts alleged herein, Moke America had actual knowledge of Plaintiffs-in-Counterclaims' ownership and prior use of its photographs, vehicles, and MOKE Marks for use in connection with Moke branded vehicles.

76.    Moke America's aforesaid unauthorized acts have been willful and have injured and violated the rights of Plaintiffs-in-Counterclaim in an amount to be determined at trial.

77. Further, by its actions, Moke America has irreparably injured Plaintiffs-in-Counterclaim, and such irreparable injury will continue unless this Court enjoins Moke America.

**COUNT V**
**UNFAIR COMPETITION UNDER THE CONNECTICUT**
**UNFAIR TRADE PRACTICES ACT**

78. Plaintiffs-in-Counterclaim repeat and reallege paragraphs 1-77 of its counterclaims, above, as if fully set forth herein.

79. This is a claim for unfair and deceptive trade practices under the Connecticut Unfair and Deceptive Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110(a), *et seq.*

80. Moke USA has a principal place of business in Connecticut and has been injured in Connecticut as a result of the actions of Moke America described herein.

81. The actions of Moke America described herein constitute unfair and deceptive acts or practices, which have deceived and will continue to deceive Moke USA's customers and potential customers and which have injured and will continue to injure the goodwill, reputation, and business of Moke USA.

82. The actions of Moke America described herein are in and affecting commerce and are unfair and/or deceptive acts or practices in violation of CUTPA.

83. As a direct and proximate result of Moke America's unfair and deceptive conduct, Moke USA has suffered and will continue to suffer damages in an amount to be determined at trial.

84. Further, by its actions, Moke America has irreparably injured Moke USA, and such irreparable injury will continue unless this Court enjoins Moke America.

## COUNT VI
## COPYRIGHT INFRINGEMENT IN VIOLATION OF THE COPYRIGHT ACT, 17 U.S.C. § 101 et seq. AND THE BERNE CONVENTION FOR THE PROTECTION OF LITERARY AND ARTISTIC WORKS

85.     Plaintiffs-in-Counterclaim repeat and reallege paragraphs 1-84 of its counterclaims, above, as if fully set forth herein.

86.     The Subject Works are original works of authorship fixed in a tangible means of expression that constitutes photographic work pursuant to 17 U.S.C. §102(a) and are subject to copyright protection under 17 U.S.C. § 101.

87.     Article 5(1) of the Berne Convention provides that "Authors shall enjoy, in respect of works for which they are protected under this Convention, in countries of the Union other than the country of origin, the rights which their respective laws do now or may hereafter grant to their nationals, as well as the rights specially granted by this Convention."

88.     Article 5(2) of the Berne Convention further provides that "(t)he enjoyment and exercise of these rights shall not be subject to any formality; such enjoyment and such exercise shall be independent of the existence of protection in the country of origin of the work."

89.     Plaintiff-in-Counterclaim Moke International has exclusive rights in the Subject Works.

90.     By using the Subject Works at least on its website and marketing materials, Defendant has reproduced, copied, and/or prepared derivative works of Plaintiff-in-Counterclaim's Subject Works without permission or authorization from Plaintiffs-in-Counterclaim.

91.     Upon information and belief, such conduct by Defendants was and is willfully done with knowledge of the rights of Plaintiff-in-Counterclaim.

92.     Defendants' conduct constituted, and continues to constitute, infringement upon

Plaintiffs-in-Counterclaim's exclusive rights to reproduce, copy, prepare derivative works based upon, and distribute the Subject Work, all in violation of 17 U.S.C. §§ 101 *et seq.* and the Berne Convention.

93.     By reason of Defendants' acts and infringements, Plaintiffs-in-Counterclaim has sustained and will continue to sustain substantial injury, loss and damage to his rights.

94.     Plaintiff-in-Counterclaim are further entitled to recover from Defendant the damages sustained by them as a result of Defendant's acts of copyright infringement.  Plaintiffs-in-Counterclaim, however, are at present unable to ascertain the full extent of monetary damage suffered by reason of Defendant' acts of copyright infringement.

95.     Plaintiff-in-Counterclaim are further entitled to recover from Defendant the gains, profits, and advantages it has obtained and will continue to obtain as a result of its copyright infringement.  Plaintiffs-in-Counterclaim, however, are at present unable to ascertain the full extent of monetary damage suffered by reason of Defendant' acts of copyright infringement.

<u>COUNT VII</u>
**TORTIOUS INTERFERENCE**

96.     Plaintiffs-in-Counterclaim repeat and reallege paragraphs 1-95 of its counterclaims, above, as if fully set forth herein.

97.     A valid contract existed between Moke International and Wu Hu, its successors, and/or its alter egos, related to the manufacture and design of the Moke branded vehicles.

98.     By letter dated March 28, 2017, Moke America was notified of the contractual relationship between Moke International and Wu Hu, and of Moke International's ownership of the molds and design rights

99.     Moke International has not authorized Wu Hu to utilize the molds and/or design specifications for the manufacture of "Moke" vehicles for any entity other than Moke International and Moke USA.

100.     Upon information and belief, Moke America has contracted with Wu Hu or its agent, to manufacture and purchase Moke branded vehicles which are made from the molds and design owned by Moke International.

101.     Despite notification of Moke International's contract with Wu Hu, upon information and belief, Moke America has intentionally, unfairly and improperly utilized Moke International's molds to manufacture and import unauthorized Moke branded vehicles thereby interfering with Moke International's contractual relationship with Wu Hu.

102.     As a result of Moke International's interference, the performance of Moke International's contract with Wu Hu has been disrupted and/or become more expensive and burdensome.

103.     Plaintiffs-in-Counterclaim have been injured in their business as a direct and proximate result of the aforesaid unlawful activities by Moke America.

104.     The said conduct of Moke America has caused, and if not enjoined, will continue to cause irreparable damage to the rights of Plaintiffs in its business reputation and good will.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs-in-Counterclaim's respectfully ask this Court to enter judgment against Moke America, and against respective subsidiaries, successors, parents, affiliates, officers, directors, agents, servants and employees, and all persons in active concert or participation with Moke America, as follows:

A.      Uphold the TTAB's decision dismissing the Opposition and declare that Moke USA is the lawful and rightful owner of the MOKE mark;

B.     Declare that Moke America has infringed Plaintiffs-in-Counterclaim's valid copyrighted Subject Works;

C.     Declare that Moke America has infringed Plaintiffs-in-Counterclaim's trademark rights  in violation of the Lanham Act;

D.     Declare that Moke America's unauthorized use in commerce of photographs of Plaintiffs-in-Counterclaim's vehicles from Plaintiffs-in-Counterclaim's website and media posts and the use of MOKE Mark associated with Plaintiffs-in-Counterclaim's vehicles is confusingly similar to Plaintiffs-in-Counterclaim's MOKE Marks in violation of the Lanham Act, 15 U.S.C. § 1125(a), as a false designation of origin, false description or representation;

E.     Preliminarily and permanently enjoin Moke America from further infringement of Moke USA's MOKE Marks;

F.     Declare that Moke America's acts as complained of herein shall be deemed willful, and/or that this be deemed an exceptional case pursuant to 15 U.S.C. § 1117(a) and/or CUTPA and further declaring that Plaintiffs-in-Counterclaim are entitled to treble damages;

G.     Award Plaintiffs-in-Counterclaim statutory damages for Moke America's copyright infringement in violation of 17 U.S.C. §§ 101, et seq. pursuant to 17 U.S.C. § 504(c);

H.     Award Plaintiffs-in-Counterclaim statutory damages for Moke America's intentional and willful violation of 15 U.S.C. § 1125(a) pursuant to 15 U.S.C. § 1117;

I.     Award Plaintiffs-in-Counterclaim statutory damages in connection with Count V pursuant to CUTPA;

J.     Award Plaintiffs-in-Counterclaim its costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1117,  17 U.S.C. § 505 and/or CUTPA; and

K.     Award any such other relief to which Plaintiffs-in-Counterclaim are entitled under law, and any other and further relief that this Court or a jury may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Moke USA, ACG, and Moke International demand a trial by jury on all issues so triable.

Dated: July 7, 2020                    Respectfully submitted,


                                       By: /s/ Victor Kernus
                                           Victor Kernus (V.S.B. No. 51,033)
                                           **CANTOR COLBURN LLP**
                                           1800 Diagonal Road
                                           Suite 400
                                           Alexandria, VA 22314
                                           Tel: (703) 236-4500
                                           Fax: (703) 236-4501
                                           vkernus@cantorcolburn.com

                                           Of Counsel:

                                           Michael J. Rye (pro hac vice to be filed)
                                           Andrew J. Ryan (pro hac vice to be filed)
                                           Tasia E. Perkins (pro hac vice to be filed)
                                           **CANTOR COLBURN LLP**
                                           20 Church Street, 22nd Floor
                                           Hartford, CT 06103
                                           Tel: 860-286-2929
                                           Fax: 860-286-0115
                                           mrye@cantorcolburn.com
                                           aryan@cantorcolburn.com
                                           tperkins@cantorcolburn.com


                                           *Attorneys for Defendants American Custom*
                                           *Golf Cars, Inc. and Moke USA, LLC and*
                                           *Plaintiff-in-Counterclaim, Moke*
                                           *International Limited*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of July 2020, I electronically filed the foregoing with

the Clerk of Court using the CM/ECF system, which will then a send a notification of such filing

to the following:

Wendy K. Akbar
1938 East Osborn Road
Phoenix, Arizona 85016
Tel: 602-631-9100
Fax: 602-631-4529
Email: wakbar@venjuris.com


/s/ Victor Kernus
Victor Kernus, Esq.

34